Cite as 2021 Ark. 79

# SUPREME COURT OF ARKANSAS

No. CV-20-467

| | |
|---|---|
| | **Opinion Delivered:** April 15, 2021 |
| IN RE APPLICATION FOR ADMISSION TO THE BAR OF ARKANSAS | |
| MICHAEL BERNOUDY, JR.<br>APPELLANT | APPEAL FROM THE ARKANSAS STATE BOARD OF LAW EXAMINERS, AN ORIGINAL ACTION |
| V. | |
| ARKANSAS STATE BOARD OF LAW EXAMINERS<br>APPELLEE | AFFIRMED. |

**COURTNEY RAE HUDSON, Associate Justice**

In deciding the matter at hand, this court is mindful that "[t]he practice of law is a privilege, not a right." *In re Petition of Anderson*, 312 Ark. 447, 452, 851 S.W.2d 408, 410 (1993). Appellant Michael Bernoudy, Jr., appeals from the denial of his application for admission to the Arkansas Bar. For reversal, Bernoudy argues that appellee Arkansas State Board of Law Examiners ("Board") erred in its denial and that this court should either grant admission or remand to the Board for further consideration. Our jurisdiction is pursuant to Arkansas Supreme Court Rule 1–2(a)(5) (2020) and Rule XIII(F) of the Rules Governing Admission to the Bar. We affirm the Board's decision.

On September 14, 2018, Bernoudy filed an application for admission on motion with the Board. After reviewing his application, as well as additional information obtained during the investigation, the Board's executive secretary ("Secretary") forwarded the file to the chair ("Chair") of the Board pursuant to Rule XIII(A) because she was unable to make a determination with regard to Bernoudy's eligibility for admission to the Arkansas Bar. In her letter, the Secretary indicated that Bernoudy had graduated from law school in Louisiana in 2002 and had passed the Louisiana bar exam. Following a character and fitness hearing, however, Bernoudy was subsequently denied admission to the practice of law by the Louisiana Supreme Court in October 2003 because he failed to meet his burden of proving good moral character. This decision was at least partially based on his lack of candor regarding his 1998 Louisiana conviction for felony carnal knowledge of a female when Bernoudy was twenty years old and the victim was sixteen years old. The Secretary's letter noted that Bernoudy was sentenced to one year of probation, which was extended for an incident that he did not recall. His probation was completed in 2000, and he later received a first-offender pardon from the state of Louisiana and an expungement of his conviction.

The Secretary's letter stated that Bernoudy was initially denied admission to the Texas Bar; however, he was ultimately admitted in 2006 after filing a petition for redetermination. He was also licensed in the District of Columbia in 2009. In 2010, Bernoudy pled guilty to failing to register as a sex offender in Harris County, Texas. He indicated in his application that he has continued to challenge the validity of this conviction. According to the Secretary, Bernoudy's application raised several issues of concern, including the denial of his request

2

for admission in Louisiana, his criminal matter, and his failure to register as a sex offender in Texas.

The file referred to the Chair included Bernoudy's character questionnaire and supporting documents, the Louisiana Supreme Court opinion denying him admission, the Texas Board of Law Examiners documentation regarding his initial denial and subsequent admission to the Texas Bar, the November 2000 Louisiana judgment expunging Bernoudy's 1998 conviction, a 2015 public reprimand and 2016 "Agreed Judgment of Fully Probated Suspension" by the Texas Bar for violations of disciplinary rules, the briefs and court opinion in Bernoudy's appeal of his Texas conviction, and other legal documents related to his challenge of the failure-to-register conviction in Harris County, Texas. After reviewing this material, the Chair notified Bernoudy by letter on May 14, 2019, that he was unable to determine Bernoudy's eligibility for admission to the Arkansas Bar. The Chair specifically noted that the denial of Bernoudy's admission to the Louisiana Bar was a basis for further inquiry into his moral character and mental and emotional stability under the rules of admission and that the conduct giving rise to this denial was also grounds for denying admission in this state. The letter notified Bernoudy that he had a right to request a hearing before a three-member panel of the Board concerning his application for admission.

Bernoudy requested such a hearing, which was conducted on October 1, 2019. The panel asked him why he had not registered as a sex offender in Texas when he began living there in 2007, and Bernoudy stated that it was because of the expungement of his conviction in Louisiana. When the panel asked if he would be required to register in Texas if the

conviction and expungement had occurred in that state, Bernoudy indicated only that Texas "would not prosecute." Bernoudy was also questioned about the initial denial of his admission to the Texas Bar based on his misleading response about whether he had ever been denied admission to the practice of law in another state. According to Bernoudy, he did not indicate in his application that Louisiana had denied him admission because the matter was still pending. He stated that he did not intend to be deceptive by his answer and that his attention to detail was not as good at that time. Finally, the panel asked Bernoudy why his probation for his Louisiana conviction was extended by one year. Bernoudy responded that he was not sure what exactly he did to cause the motion to revoke, although he "had a lot of girlfriend problems" and "problems of getting into trouble" while he was an undergraduate student.

Following the hearing, the Board issued an order denying Bernoudy's application for admission to the Arkansas Bar. In its findings of fact, the Board noted that Bernoudy's testimony before the panel was vague and that he could not remember many details regarding the extension of his probation and the disclosures in his Texas Bar application. In addition, although Bernoudy testified that he did not believe he was required to register as a sex offender in Texas due to his Louisiana expungement, he had indicated in pleadings filed in Texas that his requirement to register in Louisiana did not end until 2017, well after he had become a resident of Texas. The Board further noted that Bernoudy had been involved in a litany of civil actions, including one for failure to pay taxes, and that he had been disciplined on two separate occasions by the Texas Bar. In reviewing the entire record before it, including

Bernoudy's own testimony, the Board found that Bernoudy was "less than forthcoming" and that his "unlawful conduct; acts involving dishonesty, fraud, deceit or misrepresentation; proof of denial of admission to the Bar in another jurisdiction; and, other conduct that reflects adversely on the good moral character and mental and emotional stability of the applicant" were the bases for its decision to deny him admission. The Board concluded that Bernoudy had failed to establish by a preponderance of the evidence that he was eligible for admission to the Arkansas Bar and that "given the totality of the conduct and the information presented to the Board," Bernoudy would not contribute to the "honor and integrity" of the profession. Bernoudy appealed the Board's decision to this court pursuant to Rule XIII(F) of the Rules Governing Admission to the Bar.

On appeal, Bernoudy argues that the Board erred in denying him admission to the Arkansas Bar and that this court should either grant him admission or remand to the Board for further consideration. He contends that the Board's findings of fact "misunderstand or omit certain mitigating or exonerative issues which--when analyzed as a whole--support the conclusion that the Board erred." Specifically, Bernoudy asserts that the bulk of his problems stemmed from a consensual sexual act that Louisiana treated as a felony at that time. He argues that this would only be a misdemeanor offense under current Louisiana law and that it would not have even been a crime in Arkansas based on the age of the victim.

Again, the practice of law is a privilege and not a right. *In re Petition of Anderson*, *supra*. We have held that the protection of the public and the honor and integrity of the profession have long been the principal criteria in determining whether a person should be admitted

5

or readmitted to the Arkansas Bar. *Id.* An applicant for admission has the burden of proving eligibility by a preponderance of the evidence. Ark. Bar Adm. R. XIII (2020); *Moody v. Ark. State Bd. of Law Exam'rs*, 2013 Ark. 289, 428 S.W.3d 512. We review appeals from the Board of Law Examiners de novo, and we will not reverse the Board's findings of fact unless they are clearly erroneous. *Moody*, *supra*.

We cannot say that the Board clearly erred in its findings or that the record does not support its ultimate decision to deny Bernoudy admission. Bernoudy focuses heavily on the fact that the conduct giving rise to his 1998 conviction in Louisiana would not be a felony offense under current law in that state or a crime at all in Arkansas. However, this prior conviction was only a partial basis for the Board's decision. Bernoudy's lack of candor was also of significant concern to the Board. For example, he claimed that he could not remember why the term of his probation for the Louisiana offense was doubled, explaining only that he had "problems" while in undergraduate school. Furthermore, Bernoudy suggested that he did not believe he needed to register as a sex offender in Texas due to his pardon and expungement in Louisiana. However, the Board noted that, according to documents filed by Bernoudy in his Texas case, his obligation to register in Louisiana did not end until 2017, ten years after he began residing in Texas and eight years after he was prosecuted in Texas for failure to register. In addition, the 2000 expungement was declared a nullity by a Louisiana court in 2007, and it was not until 2013 that this order was reversed. The Board thus found that Bernoudy's explanation for his failure to register in Texas in

2007 was not credible, particularly for someone who is a licensed attorney in that state and presumably knowledgeable about the law.

The Board also expressed concern about Bernoudy's mischaracterization of the situation that caused the Texas Bar to initially deny his application. Bernoudy first indicated at the hearing that he did not remember why his response to the question about whether he had ever been denied admission by another state had been deemed misleading, but he then provided additional information after further questioning, revealing that he did have some memory of this event. Bernoudy conceded that Texas had initially denied his application due to his lack of candor about Louisiana's denial of admission, although he claimed that it was an oversight and not an intent to deceive. The Board argues that this claim is disingenuous, however, given that the Louisiana Supreme Court had already issued its final decision at the time Bernoudy stated in his Texas application that "to date I have not been granted admission" in Louisiana.

We have held that the credibility of the applicant is a question of fact for the Board and that we will not overturn this determination unless it is clearly erroneous. *Partin v. Bar of Arkansas*, 320 Ark. 37, 894 S.W.2d 906 (1995). In addition to Bernoudy's lack of candor, his prior convictions, and the denial of admission in Louisiana, the Board further noted Bernoudy's involvement in multiple civil actions, including one for failure to pay his taxes, as well as his disciplinary history in Texas. Accordingly, the Board did not err by concluding that Bernoudy was not eligible for admission to the Arkansas Bar, and we affirm.

Affirmed.

*Jeff Rosenzweig*, for appellant.

*Nancie Givens*, for appellee.